UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Craig Laquintz Tyson,

                Petitioner,        Case No. 24-cv-10232

v.                                     Judith E. Levy
                                          United States District Judge

Randee Rewerts,

                                          Mag. Judge Curtis Ivy, Jr.

                Respondent.

_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS [1], DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING [3], DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL [4], DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DECLINING TO GRANT PERMISSION TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Petitioner Craig Laquintz Tyson ("Petitioner"), who is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) Petitioner also filed a Motion for Evidentiary Hearing (ECF No. 3) and a Motion for the Appointment of

Counsel.¹ (ECF No. 4.) For the reasons set forth below, the Court dismisses without prejudice Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), and it denies Petitioner's Motion for Evidentiary Hearing (ECF No. 3) and his Motion for the Appointment of Counsel. (ECF No. 4.)

I.   Background

In October 2019, Petitioner was convicted by a jury in Wayne County Circuit Court for:

> manslaughter, MCL 750.321, unlawful driving away a motor vehicle, MCL 750.413, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and second offense possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced [Petitioner] as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years' imprisonment for manslaughter, 1 to 5 years' imprisonment for unlawful driving away a motor vehicle, 1 to 5 years' imprisonment for felon-in-possession, and 5 years' imprisonment for second offense felony-firearm. The trial court gave defendant 246 days' credit for time served in jail. The trial court ordered defendant to serve his felony-firearm conviction consecutively to his other convictions.²

---

¹ Petitioner's submission is titled "Request for Counsel." (ECF No. 4.) The Court treats this filing as a Motion for the Appointment of Counsel.

² The Petition appears to indicate that Petitioner was convicted and sentenced to three counts of second offense felony-firearm. (ECF No. 1, PageID.1.)

*People v. Tyson*, No. 352536, 2022 WL 3330446, at *1 (Mich. Ct. App. Aug. 11, 2022), *appeal denied,* 985 N.W.2d 511 (Mich. 2023).

The Michigan Court of Appeals affirmed Petitioner's convictions on August 11, 2022. *Tyson,* 2022 WL 3330446, at *1. On March 6, 2023, the Michigan Supreme Court denied Petitioner leave to appeal "because [it was] not persuaded that the questions presented should be reviewed by this Court." *Tyson,* 985 N.W.2d at 511. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. (ECF No. 1, PageID.3.)

Petitioner filed a Petition for Writ of Habeas Corpus in this Court that he signed on January 23, 2024. (*Id.* at PageID.24.) His Motion for Evidentiary Hearing (ECF No. 3) and his Motion for the Appointment of Counsel (ECF No. 4) are also dated January 23, 2024.

Petitioner presents nine claims in his Petition. His claims include issues related to the jury instructions, the verdict form, ineffective assistance of trial and appellate counsel, and his sentencing. Petitioner indicates that he has not exhausted all of his claims in the state courts before seeking federal habeas relief. (ECF No. 1, PageID.3, 21, 29–30.)

3

## II. Legal Standard

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*; *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner seeking federal habeas relief must first exhaust their available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)–(c). Although exhaustion is not jurisdictional, "it is a threshold question that must be resolved" before a federal court may grant a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009) (citing *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000); *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)); 28 U.S.C. § 2254(b)(1). The Court may raise the failure to exhaust state court remedies *sua sponte*. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003).

For proper exhaustion, "each claim must have been fairly presented to the state courts[,] . . . . [and] the applicant [must] present the issue both to the state court of appeals and the state supreme court." *Wagner*, 581 F.3d at 414 (cleaned up). "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Id.* at 414–15 (citations omitted). Petitioners must exhaust available post-conviction remedies in state court, as well. *See id.* at 419. A habeas petitioner has the burden of proving that they have exhausted their state court remedies. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)). Generally, federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)); 28 U.S.C. § 2254(b)(1)(A).

### III. Analysis

Petitioner failed to exhaust all of his claims in state court, so his Petition must be dismissed. His Motion for Evidentiary Hearing and Motion for the Appointment of Counsel are also denied, as a result. The Court also declines to issue a certificate of appealability and declines to

5

grant permission to appeal *in forma pauperis*. However, subject to the conditions set forth in the Order below, the Court will toll the statute of limitations period for the filing of a new habeas petition.

### A. Failure to Exhaust

Petitioner is required to exhaust his claims with the state courts, but, by his own admission, he has failed to do so. After providing information about his trial, conviction, and direct appeal, Petitioner indicates that he did not file any "other petitions, applications, or motions concerning this judgment of conviction in any state court" before filing the Petition. (ECF No. 1, PageID.3.) For each ground raised by Petitioner, he indicates that he did not raise them in a post-conviction motion or petition for habeas corpus in a state trial court. (*See, e.g.*, *id.* at PageID.6 ("There [were] no post-conviction proceedings").)

Another section of the Petition asks whether any grounds raised in the Petition were not presented to the state and federal courts and why they were not presented. (*Id.* at PageID. 21.) Petitioner responds by referring to "ineffective assistance of appellate counsel" and explains

his own lack of knowledge of the appellate process. (*Id.*) Petitioner does not specify which claims were not presented any further than that.

Petitioner has at least three claims of ineffective assistance of appellate counsel that are subject to the exhaustion requirement but have not been fully exhausted. *See Baldwin v. Reese,* 541 U.S. 27, 30–33 (2004). In Petitioner's memorandum in support of his Petition, he suggests his seventh claim, alleging ineffective assistance of appellate counsel during oral arguments, was not exhausted with the state courts because the "Appellate Court has made no answer" with respect to this issue. (*Id.* at PageID. 29). This alleged ineffective assistance of appellate counsel occurred during oral arguments after briefs had already been submitted. (*Id.* at PageID.15) Petitioner's eighth claim is that the trial court erred in failing to direct a verdict of acquittal on the original first-degree murder charge, and his ninth claim is that the judge erred in failing to instruct the jurors on the lesser included offense of involuntary manslaughter. (*Id.* at PageID.17, 19.) Petitioner also indicates, however, that these claims were not raised on his direct appeal, because he alleges appellate counsel was ineffective for failing to raise them on his direct appeal. (*Id.* at PageID.29, 30.)

7

State post-conviction review is a petitioner's first opportunity to raise an ineffective assistance of appellate counsel claim in the Michigan courts. *See Riley v. Jones*, 476 F.Supp.2d 696, 707 (E.D. Mich. 2007) ("petitioner raised his ineffective assistance of appellate counsel claims at his first opportunity to do so, in his motion for relief from judgment"). Petitioner has not yet pursued post-conviction review of any of his claims, however. Accordingly, the Petition must be dismissed due to failure to exhaust.

The exhaustion doctrine, in the context of habeas cases, is dependent upon whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claims: the filing of a post-conviction motion for relief from judgment. *See Wagner,* 581 F.3d at 419. Petitioner could exhaust his claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R.

8

7.203; M.C.R. 7.303. Petitioner, in fact, would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court to properly exhaust the claims that he would raise in his post-conviction motion. *See, e.g.*, *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

A district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his or her unexhausted claims to the state court in the first instance. *See Rhines v. Weber,* 544 U.S. 269, 277–79 (2005). However,

> [s]tay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations [applicable to federal habeas actions] poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless."

*Gilmore v. Burton,* No. 16-CV-14512, 2017 WL 2062222, at *2 (E.D. Mich. May 15, 2017) (quoting *Rhines*, 544 U.S. at 277).

Here, the circumstances do not justify holding the Petition in abeyance pending Petitioner's return to the state courts, rather than

9

dismissing it without prejudice. In this case, the Michigan Supreme Court denied Petitioner's application for leave to appeal on March 6, 2023. *Tyson*, 985 N.W.2d at 511. If a state prisoner seeks direct review of their conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run after the 90-day time period for seeking certiorari with the U.S. Supreme Court has expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner did not seek a writ of certiorari with the United States Supreme Court, (ECF No. 1, PageID.3), so his judgment became final, for the purpose of commencing the running of the one-year limitations period, on June 4, 2023. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the Petition with the Court on January 23, 2024, after 233 days had run on the statute of limitations.[3] Petitioner therefore has more than four months remaining under the AEDPA

---

[3] Under the prison mailbox rule, the Petition is treated as filed on the date it was signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Petitioner signed the Petition under penalty of perjury on January 23, 2024. (ECF. 1, PageID.24.)

10

statute of limitations. 28 U.S.C. § 2244(d)(2) provides that the AEDPA's one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by Petitioner. Because the statute of limitations period would be tolled during the pendency of Petitioner's state post-conviction proceedings, Petitioner will not be prejudiced by the dismissal of his Petition without prejudice. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845–46 (E.D. Mich. 2001). Further, although the claims here are not plainly meritless, and Petitioner has not been dilatory, he has not demonstrated good cause for failing to exhaust.

In addition, there is an equitable remedy available to Petitioner to preserve a federal forum for review of Petitioner's claims. In *Hargrove v. Brigano*, the district court dismissed the petition without prejudice, so that the petitioner could exhaust his state remedies. 300 F.3d 717, 718 (6th Cir. 2002). The district court, acting prospectively, ordered the tolling of the AEDPA statute of limitations period, effective the date the petition was filed, conditioned on the petitioner pursuing his state remedies within 30 days of the dismissal and returning to federal court

11

within 30 days after exhaustion. *Id.* The Sixth Circuit found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

Here, the Court utilizes equitable tolling with the conditions the Sixth Circuit approved in *Hargrove.* The Court shall dismiss the Petition without prejudice and the one-year statute of limitations period shall be tolled from January 23, 2024, the date Petitioner filed his Petition, until Petitioner returns to federal court and files a new habeas petition. This tolling of the limitations period is contingent upon Petitioner complying with the conditions set forth below.

### B. Motions for Evidentiary Hearing and for the Appointment of Counsel

Petitioner's Motion for Evidentiary Hearing is denied as premature because Petitioner has yet to exhaust his claims with the state courts. *See, e.g.*, *Alley v. Bell,* 307 F.3d 380, 388–90 (6th Cir. 2002). The Court also denies Petitioner's Motion for the Appointment of Counsel, given Petitioner's failure to exhaust his state court remedies. *See, e.g.*, *Dupree v. Jones,* 281 F. App'x 559, 561 (7th Cir. 2008).

### C. Certificate of Appealability and Permission to Appeal *In Forma Pauperis*

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies habeas relief on procedural grounds, a certificate of appealability should issue if it is shown (i) that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and (ii) that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Here, reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies Petitioner a certificate of appealability.

Further, the Court denies permission to appeal *in forma pauperis*, because an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

## IV. Conclusion

For the reasons set forth above, the court **DISMISSES WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus (ECF No. 1).

**IT IS ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from January 23, 2024, the date that Petitioner filed the Petition, until the time Petitioner returns to federal court to pursue habeas corpus relief, provided that Petitioner returns to the federal court and files a new habeas petition under a new case number **within thirty (30) days** of the completion of his state post-conviction proceedings.

The Court **DENIES WITHOUT PREJUDICE** the Motion for Evidentiary Hearing (ECF No. 3) and the Motion for the Appointment of Counsel (ECF No. 4).

The court **DECLINES** to issue a certificate of appealability or to grant permission to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

Dated: February 16, 2024        s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 16, 2024.

                                                s/William Barkholz
                                                WILLIAM BARKHOLZ
                                                Case Manager