UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Craig Laquintz Tyson,

               Petitioner,       Case No. 24-cv-10232

v.                                     Judith E. Levy
                                       United States District Judge

Randee Rewerts,

                                       Mag. Judge Curtis Ivy, Jr.

               Respondent.

_____/

**OPINION AND ORDER DENYING THE MOTION
FOR RECONSIDERATION [13]**

Before the Court is Petitioner's motion for reconsideration. (ECF No. 13.) For the reasons set forth below, the motion is denied.

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed without prejudice because it contained claims that had not been exhausted in the state courts. In *Tyson v. Rewerts*, No. 24-CV-10232, 2024 WL 665537 (E.D. Mich. Feb. 16, 2024), the Court held that:

> Petitioner is required to exhaust his claims with the state courts, but, by his own admission, he has failed to do so. After providing information about his trial, conviction, and direct appeal, Petitioner indicates that he did not file any "other

petitions, applications, or motions concerning this judgment of conviction in any state court" before filing the Petition. (ECF No. 1, PageID.3.) For each ground raised by Petitioner, he indicates that he did not raise them in a post-conviction motion or petition for habeas corpus in a state trial court. (*See, e.g., id.* at PageID.6 ("There [were] no post-conviction proceedings").)

Another section of the Petition asks whether any grounds raised in the Petition were not presented to the state and federal courts and why they were not presented. (*Id.* at PageID.21.) Petitioner responds by referring to "ineffective assistance of appellate counsel" and explains his own lack of knowledge of the appellate process. (*Id.*) Petitioner does not specify which claims were not presented any further than that.

Petitioner has at least three claims of ineffective assistance of appellate counsel that are subject to the exhaustion requirement but have not been fully exhausted. *See Baldwin v. Reese*, 541 U.S. 27, 30–33 (2004). In Petitioner's memorandum in support of his Petition, he suggests his seventh claim, alleging ineffective assistance of appellate counsel during oral arguments, was not exhausted with the state courts because the "Appellate Court has made no answer" with respect to this issue. (*Id.* at PageID.29). This alleged ineffective assistance of appellate counsel occurred during oral arguments after briefs had already been submitted. (*Id.* at PageID.15) Petitioner's eighth claim is that the trial court erred in failing to direct a verdict of acquittal on the original first-degree murder charge, and his ninth claim is that the judge erred in failing to instruct the jurors on the lesser included offense of involuntary manslaughter.

2

> (*Id.* at PageID.17, 19.) Petitioner also indicates, however, that these claims were not raised on his direct appeal, because he alleges appellate counsel was ineffective for failing to raise them on his direct appeal. (*Id.* at PageID.29, 30.)
>
> State post-conviction review is a petitioner's first opportunity to raise an ineffective assistance of appellate counsel claim in the Michigan courts. *See Riley v. Jones*, 476 F. Supp. 2d 696, 707 (E.D. Mich. 2007) ("petitioner raised his ineffective assistance of appellate counsel claims at his first opportunity to do so, in his motion for relief from judgment"). Petitioner has not yet pursued post-conviction review of any of his claims, however. Accordingly, the Petition must be dismissed due to failure to exhaust.

*Id.* at *2-3.

In his motion for reconsideration, Petitioner asserts he had, in fact, exhausted these claims, but his original Petition mistakenly indicated that he failed to exhaust them. (ECF No. 13, PageID.84.) Petitioner has separately submitted an Amended Petition, (ECF No. 14), which he claims demonstrates that all his claims were exhausted.

Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1. Instead, they must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Ackerman v. Washington*, No. 13-14137, 2021 WL 5782896, at *1 n.1 (E.D. Mich. Dec. 7, 2021) (citing E.D. Mich. LR 7.1(h)(1)). Since Petitioner is proceeding

Case 5:24-cv-10232-JEL-CI ECF No. 15, PageID.195 Filed 01/13/25 Page 4 of 9

*pro se,* his motion for reconsideration is construed as a motion to alter or amend judgment filed under Federal Rule of Civil Procedure 59, since both motions are analogous. *Cf. Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999) (treating motion to alter or to amend judgment filed by a *pro se* habeas petitioner as a motion for reconsideration filed under Local Rule 7.1).

The decision whether to grant a motion to alter or amend judgment under Federal Rule of Civil Procedure 59 is discretionary with the district court. *See Davis* ex rel. *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment may be granted based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (additional quotation omitted)).

4

Moreover, "it is well established that Rule 59(e) relief is not warranted when a motion is premised on evidence that the party had in his control prior to the original entry of judgment." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 567 (6th Cir. 2016) (cleaned up). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Petitioner's motion for reconsideration alleges only in a conclusory fashion that all his claims were exhausted. (ECF No. 13, PageID.84.)

In his Amended Petition, Petitioner indicates for the first time that he filed a motion for reconsideration in the Michigan Court of Appeals after that court affirmed his conviction. (*See, e.g.*, ECF No. 14, PageID.89.) When he describes the "Grounds Raised" in the motion for reconsideration, he does not indicate that he raised his seventh claim that appellate counsel was ineffective during oral arguments or his eighth claim that the trial court erred in failing to direct a verdict of acquittal on the original first-degree murder charge. (ECF No. 14, PageID.89.) He does indicate that he raised an aspect of his ninth claim in his motion for reconsideration: that the judge erred in failing to

5

instruct the jurors on the lesser included offense of involuntary manslaughter. (*Id.*) However, Petitioner did not appear to raise a claim that appellate counsel was ineffective for failing to raise what now make up his eighth or ninth claims on his appeal of right. (*Id.*)

In one section of Petitioner's Amended Petition, he suggests that his seventh, eighth, and ninth claims were raised in his motion for reconsideration. He also argues that these claims were raised in his initial appeal of right before the Michigan Court of Appeals, (*id.* at PageID.100–105), yet earlier in the Amended Petition he does not indicate that he raised these claims before the Michigan Court of Appeals in his initial appeal of right. (*Id.* at PageID.87.)

Finally, in his memorandum in support of his Amended Petition, Petitioner again suggests that his seventh claim, alleging ineffective assistance of appellate counsel during oral arguments, was not exhausted with the state courts because the "Appellate Court has made no answer" with respect to this issue. (ECF No. 14, PageID.114.) Petitioner makes the same statement that the appellate court did not address his eighth claim that the trial court erred in failing to direct a verdict of acquittal on the original first-degree murder charge. He also states that the claim

was not raised on his direct appeal because appellate counsel was ineffective. (*Id.*) With respect to his ninth claim that the judge erred in failing to instruct the jurors on the lesser included offense of involuntary manslaughter, Petitioner explicitly indicates that this claim was not raised in his direct appeal. This is because he argues in the alternative that appellate counsel was ineffective for failing to raise this claim in his direct appeal. (*Id.* at PageID.115). Petitioner does not indicate that he exhausted any claims regarding his appellate counsel.

It thus does not appear that Petitioner presented his seventh, eighth, or ninth claims to the Michigan courts on direct appeal. Moreover, even assuming that Petitioner did present these claims in a motion for reconsideration to the Michigan Court of Appeals, this would be insufficient to exhaust these claims. Presenting additional issues to an intermediate state appellate court for the first time in a motion for reconsideration or rehearing does not constitute a fair presentation of claims for purposes of exhaustion. *Alcorn v. Smith*, 724 F.2d 37, 40 (6th Cir. 1983), *vacated on other grounds*, 471 U.S. 1096 (1985); *see also Drain v. Woods*, 902 F. Supp. 2d 1006, 1032 (E.D. Mich. 2012), *aff'd*, 595 F. App'x 558 (6th Cir. 2014) (petitioner did not properly exhaust claims

7

when he raised them for first time in a motion for reconsideration with the Michigan Court of Appeals); *Paredes v. Johnson,* 230 F. 3d 1359, 2000 WL 1206544, *1–2 (6th Cir. Aug. 18, 2000) (unpublished table decision) (issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals were unexhausted for purposes of federal habeas review).

Finally, state post-conviction review would realistically be the first opportunity that Petitioner had to raise his ineffective assistance of appellate counsel claims in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). There is no indication, even in his Amended Petition, that these claims were raised in Petitioner's direct appeal.

Petitioner is presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed the Petition for writ of habeas corpus. *Hence,* 49 F. Supp. 2d at 553.

For the reasons set forth above, the Court DENIES the motion for reconsideration. (ECF No. 13.)

IT IS SO ORDERED.

8

Dated: January 13, 2025　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2025.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager